## NICHOLSON v. INDIAN TERRITORY ILLUMINATING OIL Co. et al.

*95 P. 2d 861.*

No. 29065.   Oct. 24, 1939.

Rehearing Denied Nov. 21, 1939.

Herbert Hodge, of Oklahoma City, for petitioner.

Hugh M. Bland and Archibald Bonds, both of Oklahma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original action by Lydia D. Nicholson, hereafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which dismissed, for lack of jurisdiction, her application to require Tom C. Waldrep, hereafter referred to as respondent, to refund certain moneys which he had received from R. A. Nicholson, compensation claimant.

The record shows that on July 2, 1938, the State Industrial Commission approved a joint petition agreement between R. A. Nicholson and his employer and its insurance carrier; that in said order the attorney's fees were fixed at $650; that payment was made in the manner directed by said order, and that more than 30 days thereafter the said R. A. Nicholson departed this life testate, and that thereupon petitioner filed an application with the State Industrial Commission wherein she alleged that the respondent had exacted of her decedent additional moneys to which he was not entitled and sought to have the commission direct a refund thereof.

The claim of the petitioner was, in effect, an action for a money judgment and was one cognizable only in the courts of this state. The Industrial Commission was entirely without jurisdiction of both the subject matter of the action and the parties, and properly so held. All discussion of the effect of an order based upon a joint petition and the authority of the State Industrial Commission to regulate the fees of attorneys in proceedings pending before it are nongermane to the record here presented, and any discussion thereof or the cases cited thereunder would be wholly immaterial and purely obiter dicta. The wrong, if any, which respondent had perpetrated upon the petitioner's decedent was justiciable only in courts of law and has no place before the commission. The State Industrial Commission made the only order which it was authorized to make in the premises.

Order sustained.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.